(No. 4072—

CLARA WELCH, WIDOW OF EZRA WELCH, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 9, 1948.*

LAWRENCE B. MOORE, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and HON. C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On July 7, 1947, Ezra Welch, an employee of the respondent in the Department of Public Works and Buildings, Division of Highways, was engaged in moving machinery and equipment from the old State highway garage and warehouse to the new State highway garage and warehouse at Paris, Illinois. While resting during his lunch hour, at approximately 12:30 P.M., he suffered a coronary block. Mr. Welch was taken home immediately, where he was placed in the care of Dr. Francis M. Link. Mr. Welch was subsequently moved to the Paris Hospital, where he remained until July 14, when he returned home. He died the following morning.

At the time Ezra Welch suffered the coronary block which resulted in his death, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act.

The deceased was first employed by the Division of Highways on May 1, 1941. His earnings during the year immediately preceding his death aggregated $2,043.84. He had no children under 16 years of age dependent upon him for support. The claimant has incurred, on account of the illness and death of Ezra Welch, medical and hospital expenses in the amount of $123.30. She seeks an award in this amount, together with death benefits under the Illinois Compensation Act in the amount of $5,200.00.

From the testimony taken before Commissioner Jenkins, it is clear that decedent's usual work for the

division, prior to the summer of 1947, being the erection and maintenance of highway signs, was comparatively light in nature. Decedent was then in excellent health. In the latter part of June, 1947, however, he was called in from his usual work to assist in moving the sign department at Paris, Illinois, from the old to the new warehouse. The two warehouses were about a quarter of a mile apart, and the move was made by truck and by a sled used for the heavier equipment which included, among other things, a buffing machine, weighing over one thousand pounds, a metal vat, kegs of nuts and bolts, drums of paint, large signs, a paint spray booth, and fan and motor. The morning decedent suffered the heart attack, he had been lifting paint drums, kegs of bolts, and heavy metal signs from a truck, handing them up to another employee in the upstairs loft of the new warehouse. From the medical testimony, it is clear that the coronary block, which caused decedent's death, was the direct result of this heavy lifting.

The Court is of the opinion that the death of Ezra Welch, husband of claimant, was due to an accidental injury which arose out of and in the course of decedent's employment, within the meaning of the Illinois Workmen's Compensation Act. The words "accident" and "accidental injury," as used in the Act, have been defined to mean an injury that happens without design and which is unforeseen and not expected by the person to whom it happens. (*Fittro* vs. *Industrial Commission,* 377 Illinois 532, 538; *Marsh* vs. *Industrial Commission,* 386 Illinois 11; *Schierbaum* vs. *State,* 14 C.C.R. 250.) This employee was so disabled, unexpectedly, and in the course of his employment, without any action or design upon his part.

The decedent's earnings during the year immedi-

ately preceding his death being in excess of $2,000.00, claimant is entitled to the maximum award of $4,000.00. Since the death occurred subsequent to July 1, 1947, this must be increased 30%, making a total of $5,200.00. The compensation rate is the maximum of $15.00 per week, increased 30%, or $19.50. Claimant is also entitled to be reimbursed on account of medical and hos-. pital expenditures made by her in the amount of $123.30.

The testimony taken at the hearing before Commissioner Jenkins was taken and transcribed by Helen Bell of Charleston, Illinois, who made charges therefor in the amount of $67.80. These charges appear reasonable and proper.

An award is therefor entered in favor of Helen Bell in the amount of $67.80, payable forthwith.

An award is entered in favor of the claimant, Clara Welch, in the amount of $5,323.30, to be paid to her as follows:

$ 123.30, reimbursement for medical and hospital expenses, is payable forthwith;

1,423.50, accrued, is payable forthwith;

3,776.50, is payable in weekly installments of $19.50 per week, beginning on the 15th day of December, 1948, for a period of 193 weeks, with an additional final payment of $13.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."